IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTHONIQUE LA'ARMON FINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-073 |
| | ) | |
| JERMAINE WHITE, Warden; | ) | |
| MS. HARVEY, CO I; V. STEWARD; and | ) | |
| JOHNSON, Chief Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **Screening the Complaint**

   A.  **Background**

Plaintiff names the following four Defendants, all of whom worked at TSP during the time period relevant to Plaintiff's allegations: (1) Warden Jermaine White; (2) Correctional Officer Ms. Harvey; (3) V. Steward; and (4) Chief Counselor Johnson. (See doc. no. 1, pp.

1, 4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 15, 2022, Plaintiff got into a fight with multiple inmates in his dormitory at TSP and was stabbed in the eye.  (Id. at 5.)  He asked Defendant Harvey for help, but she refused to take him to the medical department because her shift was about to end.  (Id.)  Instead, Defendant Harvey locked him back into the dormitory without alerting any other prison official to the problem.  (Id.)  When a correctional officer came to the dormitory the next morning, Plaintiff ran out the door and to the medical department.  (Id.)  Plaintiff "lost [his] left eye where [he] got stabbed in it."  (Id.)  Plaintiff signed his complaint on October 4, 2024, and does not request any relief.  (Id. at 6.)

### B.  Discussion

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time Barred

Plaintiff's claims are subject to dismissal under the statute of limitations. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb Cnty.,

3

Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff signed his complaint on October 4, 2024.  (See doc. no. 1, p. 6.)  The fight about which Plaintiff complains, as well as the alleged lack of medical care, occurred on August 15, 2022.  (Id. at 5.)  As Plaintiff commenced this case over two years after August 15, 2022, his claims are outside of the two-year statute of limitations period and are subject to dismissal.  Moreover, the Court observes Plaintiff was aware of his claims well before the expiration of the statute of limitations, as he has twice previously filed cases about this August 15th incident that were dismissed.[1]  See Finley v. White, CV 323-033 (S.D. Ga. Apr. 6, 2023); Finley v. White, CV 323-049 (S.D. Ga. June 26, 2023).

---

[1] For the sake of completeness, the Court notes Plaintiff failed to disclose these two prior cases, even though the complaint form specifically asks whether the prisoner plaintiff has filed a lawsuit dealing with the same or similar facts as those involved in the current action. (Doc. no. 1, p. 2.)  The complaint form also warns that failing to disclose the required cases may result in dismissal.  (Id.)  Indeed, the Eleventh Circuit has approved of dismissing a case based on dishonesty in the complaint.  See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Kendrick v. Sec'y, Fla. Dep't Corr., No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (*per curiam*) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915." (citation omitted)).

**II.     Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of December, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA